UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: | BKY Case No.: 08-46367 |
| ARC Venture Holding, Inc., et al., | Chapter 7 (Jointly Administered) |
| Debtors.[1] | |

---

| | |
|---|---|
| Brian F. Leonard, Trustee, | |
| Plaintiff, | Adv. No.: 09-4132 |
| vs. | **ADVERSARY COMPLAINT** |
| Rosedale Fleet Leasing II LLC, Rosedale Dodge, Inc., Walden Fleet Services II, Inc., Denny Hecker Automotive Group, Inc., Walden Investment, LLC, and Eagle Travel Systems, Inc., | |
| Defendants. | |

---

The above Plaintiff, by and through his undersigned attorneys, serves and files this Complaint and states and alleges as follows:

**PARTIES**

1. The Plaintiff is the duly appointed and acting Trustee in the above jointly-administered bankruptcy cases.

---

[1] Jointly administered estates of the following Debtors: ARC Venture Holding, Inc., Case No. 08-46367; Southwest-Tex Leasing Co., Inc., d/b/a Advantage, Case No. 08-46368; Advantage Rent-A-Car, Inc., Case No. 08-46369; Coast Leasing Corp., Case No. 08-46370; Floral Leasing Corp., Case No. 08-46371; Iliad Leasing Corp., Case No. 08-46372; Miso Leasing Corp., Case No. 08-46373; Nugget Leasing Corp., Case No. 08-46374; Okra Leasing Corp., Case No. 08-46375; Rainier Leasing Corp., Case No. 08-46376; San Antonio Rental & Leasing Co., Inc.; Case No. 08-46377; Steamboat Springs Rental and Leasing Co., Inc., Case No. 08-46379; Sun Leasing Corporation, Case No. 08-46380; Tradewinds U-Drive, Inc., Case No. 08-46383 Ute Leasing Corporation, Case No. 08-46384; Advantage Licensing LLC, Case No. 09-40394.

2. Defendant Rosedale Fleet Leasing II LLC is a Minnesota limited liability company having its principal place of business at 500 Ford Road, Minneapolis, Minnesota 55426 ("**Rosedale Fleet**").

3. Defendant Rosedale Dodge, Inc., is a Minnesota corporation having its principal place of business at 500 Ford Road, Minneapolis, Minnesota 55426 ("**Rosedale Dodge**").

4. Defendant Walden Fleet Services, II, Inc., is a Minnesota corporation having its principal place of business at 500 Ford Road, Minneapolis, Minnesota 55426 ("**Walden Fleet**").

5. Denny Hecker Automotive Group, Inc., is a Minnesota corporation having its place of business at 500 Ford Road, Minneapolis, Minnesota 55426 ("**Hecker Automotive**").

6. Defendant Walden Investment, LLC, is a Minnesota limited liability company having its principal place of business at 500 Ford Road, Minneapolis, Minnesota 55426 ("**Walden Investment**").

7. Defendant Eagle Travel Systems, Inc., is a Minnesota corporation having its principal place of business at 500 Ford Road, Minneapolis, Minnesota 55426 ("**Eagle Travel** ").

## JURISDICTION

8. This Court has jurisdiction over this matter under 28 U.S.C. §§157 and 1134, Fed. R. Bankr. P. 7001, and other provisions of the United States Code and the Federal Rules of Bankruptcy Procedure. This matter is a core proceeding.

9. The Debtors' commenced their bankruptcy cases under Chapter 11 of the United States Code on December 8, 2008, except Advantage Licensing, LLC which filed its Chapter 11 petition on January 24, 2009. The Debtors' cases were converted to cases under Chapter 7 of the United States Bankruptcy Code on June 3, 2009. These cases are presently pending before this Court.

## **GENERAL ALLEGATIONS**

10. The Debtors' operated a car rental business. The Debtors obtained their vehicle fleet, in part, by leasing vehicles from Rosedale Dodge, Rosedale Fleet, and Walden Fleet. In the operation of its business, the Debtors re-leased their vehicles to retail customers.

11. The Debtors were each owned and controlled directly or indirectly by Dennis E. Hecker, who filed a Chapter 7 petition in the United States Bankruptcy Court, District of Minnesota on June 4, 2009 ("**Hecker**").

12. Hecker also, directly or indirectly, owns and controls Rosedale Fleet, Rosedale Dodge, Walden Fleet, Walden Investment, Hecker Automotive, and Eagle Travel. Rosedale Fleet, Rosedale Dodge, and Walden Fleet are sometimes collectively referred to herein as the "**Vehicle Lessors**".

13. The Debtors operated their business under the trade name "Advantage Rent-A-Car" ("**Advantage**"), which maintained its executive offices in Minneapolis, Minnesota and its administrative offices in San Antonio, Texas.

14. Debtor ARC Venture Holdings, Inc. ("**ARC Venture**") is a Delaware corporation which was owned 100% by Hecker. ARC Venture, in turn, owns 100% of the shares of Debtor Southwest-Tex Leasing Co., Inc. ("**Southwest-Tex**"). Southwest-Tex owns 100% of all of the other Debtors, except Debtor Advantage Licensing LLC.

15. The Debtors operated retail rental car offices in California, Florida, Illinois, Minnesota, Missouri, Nevada, Oklahoma, Washington, Arizona, Colorado, Mexico, Hawaii, Utah, and Texas.

16. ARC Ventures acquired Southwest-Tex in 2006.

17. At the peak of their operations, the Debtors' fleet numbered approximately 6,000 vehicles.

18. Hecker and certain of his affiliates, and the Vehicle Lessors, conspired to cause the Debtors, in particular, Southwest-Tex, to enter into vehicle leases on terms and conditions, including lease payment obligations, which were non-competitive and which obligated the Debtors to pay artificially inflated, non-competitive, and uneconomical lease rates to the Vehicle Lessors.

19. Hecker controlled the Vehicle Lessors, Hecker Automotive, Walden Investment, and the Debtors. Hecker, and his affiliates, conspired to cause the Debtors to indiscriminately pay and transfer money (hereinafter collectively referred to as the "**Payments**") to the Vehicle Lessors, Hecker Automotive, Walden Investment, Eagle Travel, and Hecker, for which Payments the Debtors did not receive sufficient or reasonable consideration, or reasonable equivalent value, including, but not limited to, the following:

(a) Between June 18, 2008 and October 30, 2008, the Debtors paid to Hecker the sum of at least $636,833.90;

(b) Between May 31, 2008 and December 2, 2008, the Debtors paid to Hecker Automotive an aggregate amount of at least $2,411,806.80;

(c) Between December 26, 2007 and October 31, 2008, the Debtors paid to Eagle Travel Systems an aggregate amount of at least $476,746.18. Eagle Travel Systems, Inc., is a corporation in which Hecker holds an ownership interest;

(d) Between April 13, 2006 and December 4, 2008, the Debtors paid to Rosedale Dodge an aggregate amount of at least $ 99,661,663.93;

4

  (e)  Between December 18, 2007 and October 15, 2008, the Debtors paid to Walden Fleet an aggregate amount of at least $4,152,631.47, and

  (f)  Between February 27, 2008 and August 31, 2008, the Debtors paid to Walden Investment an aggregate amount of at least $3,615,000.00.

 20. Upon information, and belief, Hecker and his affiliates also conspired to cause the Debtors to make Payments, and duplicate payments, to various third parties with whom Hecker and his affiliates had business relationships, in unknown amounts.

 21. Hecker and his affiliates precluded and obstructed the Debtors from properly accounting for Payments to the Vehicle Lessors. For example, in 2008, Southwest-Tex made 114 separate Payments to Rosedale Dodge; of those 114 payments, 87 were in round numbers (i.e. $250,000.00, $500,000.00, $1,000,000.00, $2,000,000.00, etc.), and such Payments were not allocated to any particular lease or purported obligation owed by the Debtors to Rosedale Dodge. In 2008 alone, the Debtors paid Rosedale Dodge at least $82,401,940.39.

 22. Based upon information and belief, Hecker and his affiliates conspired to utilize the Debtors as a source of funds for Hecker and his other enterprises, including the Vehicle Lessors, the other Defendants, Hecker, and other Hecker affiliates without the Debtors receiving anything in return. By causing the Debtors to be obligated to pay uncompetitive and artificially inflated lease rates to the Vehicle Lessors, and to transfer funds to the other Defendants, as alleged herein, Hecker and his affiliates crippled the Debtors by draining cash from their operations and depriving the Debtors of cash necessary to operate their business and pay their proper and legitimate operating expenses.

 23. Based upon information and belief, the Defendants may be shutting down their operations and closing their businesses in the near future.

24. At all times relevant, the Debtors were insolvent because the value of the Debtors' assets was less than the amount of indebtedness and liabilities owed by the Debtors.

25. Preservation of the books and records of all of the Defendants is necessary in order to trace the payments identified herein and the persons and entities which benefitted by such payments.

### COUNT I
### 11 U.S.C. §547

26. All of the allegations contained in the preceding paragraphs are incorporated herein by reference.

27. The Payments were (i) to or for the benefit of Defendants as creditors, (ii) to or for an account of antecedent debt owed to such creditors by the Debtors, (iii) made while the Debtors' were insolvent, (iv) made within one year of the date of filing of the petition of the Debtors, and (v) allowed the Defendants to receive more than they would have received if the Payments had not been made and Defendants simply received a distribution in these Chapter 7 cases.

28. The Plaintiff is entitled to avoid the Payments under 11 U.S.C. §547(b) and to recover from the Defendants the amount of such Payments, plus interest, under 11 U.S.C. §550.

### COUNT II
### 11 U.S.C. §548

29. All of the allegations contained in the preceding paragraphs are incorporated herein by reference.

30. The Payments were made with the actual intent to hinder, delay, or defraud creditors of the Debtors, the Debtors received less than reasonably equivalent value in exchange for such Payments, the Debtors were insolvent on the date the Payments were made or became insolvent as a result of such Payments, and the Payments were made while the Debtors were

engaged in business for which the Debtors had an unreasonably small amount of capital.

31. The Plaintiff is entitled to avoid the Payments under 11 U.S.C. §548 and to recover from the Defendants the amount of such Payments, plus interest, under 11 U.S.C. §550.

## COUNT III
### MINNESOTA STATUES 513.44, ET. SEQ.

32. All of the allegations contained in the preceding paragraphs are incorporated herein by reference.

33. The Debtors made the Payments without receiving reasonably equivalent value in exchange therefor, at a time when the Debtors were about to engage in business for which their remaining assets were unreasonably small in relation to their business, or when the Debtors intended to incur, or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

34. The Payments were made at a time when creditors' claims existed, and for which the Debtors did not receive a reasonably equivalent value, or while the Debtors were insolvent or became insolvent as a result of the Payments.

35. The Payments were made on account of antecedent debts when the Debtors were insolvent or became insolvent as a result of such Payments.

36. Under Minn. Stat. §§513.44 and 513.45, made applicable to this proceeding by 11 U.S.C. §544 and under 11 U.S.C. §550, the Plaintiff is entitled to recover the Payments from the Defendants, plus interest from and after the date of such Payments.

## COUNT IV
### CONVERSION

37. All of the allegations contained in the preceding paragraphs are incorporated herein by reference.

38. By virtue of the wrongful receipt and retention of the payments, the Defendants have converted to their own use assets and property which was owned by the Debtors.

39. The Plaintiff is entitled to a return of the Payments and assets converted as stated in this Complaint.

## COUNT V
## THEFT

40. All of the allegations contained in the preceding paragraphs are incorporated herein by reference.

41. The Defendants receipt and possession of the Payments is in violation of Minn. Stat. §609.52, Subd. 2 and constitutes theft.

42. Under Minn. Stat. §604.14, Subd. 1, Plaintiff is entitled to recover the Payments from the Defendants, plus such other damages, including punitive damages, as are authorized by law.

## COUNT VI
## UNJUST ENRICHMENT

43. All of the allegations contained in the preceding paragraphs are incorporated herein by reference.

44. By virtue of receipt and retention of the Payments, the Defendants have been unjustly enriched because they have received and retained assets belonging to the Debtors, without having given or paid adequate or reasonable consideration in exchange therefore.

45. The Plaintiff is entitled to return of the Payments and assets received by the Defendants as alleged in this Complaint.

## COUNT VII
## CONSTRUCTIVE TRUST

46. All of the allegations contained in the preceding paragraphs are incorporated herein by reference.

47. By virtue of the above facts, the Defendants have wrongly and unlawfully received and retained assets and property belonging to the Plaintiff.

48. As a result, Plaintiff is entitled to have a constructive trust imposed upon the Payments and other property derived therefrom.

## COUNT VIII
## CIVIL CONSPIRACY

49. All of the allegations contained in the preceding paragraphs are incorporated herein by reference.

50. The Defendants, and each of them, combined and collectively conspired to unlawfully deprive the Debtor of the Payments and other assets.

51. As a result of the conspiracy, Defendants, and each of them, jointly and severally, are liable to the Plaintiff to return the Payments and other assets as alleged herein.

**WHEREFORE**, the Plaintiff respectfully requests the following relief:

1. With respect to Count I, judgment in favor of the Plaintiff and against the Defendants in the amounts proved and demonstrated at trial.

2. With respect to Count II, judgment in favor of the Plaintiff and against the Defendants in the amounts proved at trial.

3. With respect to Count III, judgment in favor of the Plaintiff and against the Defendants in the amounts proved at trial.

4. With respect to Count IV, judgment in favor of the Plaintiff and against the Defendants in the amounts proved at trial.

5. With respect to Count V, judgment in favor of the Plaintiff and against the Defendants in the amounts proved at trial.

6. With respect to Count VI judgment in favor of the Plaintiff and against the Defendants in the amounts proved at trial.

7. With respect to Count VII, judgment in favor of the Plaintiff and against the Defendants in the amounts proved at trial.

8. With respect to Count VIII, judgment in favor of the Plaintiff and against the Defendants in the amounts proved at trial.

9. An order of this Court mandating and requiring the Defendants to preserve and maintain all of their books and records, including electronic records, correspondence, computer records, and documents of any kind and nature.

10. For its costs, disbursements, and interest herein.

11. For such other and further relief as is just and equitable.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: June 23, 2009

By /e/ Brian F. Leonard
_____
Edward W. Gale, #33078
Thomas C. Atmore, #191954
Brian F. Leonard, #62236
Attorneys for Brian F. Leonard, Trustee
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1216
(612) 332-1030

403131